IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE LUIS AREBALO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-95-395 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY**
**PETITIONER'S MOTION TO RE-OPEN HIS HABEAS PETITION**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Darrington Unit Trusty Camp in Rosharon, Texas. On August 8, 1995, petitioner filed an application for a writ of habeas corpus.[1] (D.E. 1). On October 10, 2007, petitioner filed a motion to re-open his habeas petition. (D.E. 13). For the reasons stated herein, it is respectfully recommended that petitioner's motion be denied.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

---

[1] This action was originally styled "Arebalo v. Collins." Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, Criminal Institutions Division, is the proper respondent to this application for a writ of habeas corpus, and is hereby substituted as respondent in this action. See Rule 2(a) Rules Governing Section 2254 Cases; see also Fed. R. Civ. P. 25(d)(1).

inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was convicted by the 79th Judicial District Court of Jim Wells County, Texas, (D.E. 11, at 2), and therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

## II. PROCEDURAL BACKGROUND

On April 30, 1991, a jury found petitioner guilty of aggravated possession of between fifty and two hundred pounds of marijuana and sentenced him to imprisonment for thirty-five years and a fine of $30,000. (D.E. 11, at 2). On March 11, 1992, the Texas Court of Appeals for the Fourth District vacated the sentence. Id. On August 4, 1992, the trial court sentenced him to fifty years in prison. Id. Petitioner did not appeal this sentence. Id. On May 24, 1995, the Texas Court of Criminal Appeals denied his state habeas petition without written order. Ex Parte Arebalo, Writ No. 28, 218-01. On August 8, 1995, petitioner filed an application for a writ of habeas corpus asserting that his trial and appellate counsel were ineffective. (D.E. 1). On January 9, 1996, respondent filed a motion for summary judgment. (D.E. 9). On February 8, 1997, this Court granted that motion, rejecting each claim on the merits. (D.E. 11, at 6-10).

On October 10, 2007, petitioner filed this motion to re-open his case. (D.E. 13). Although it does not offer any reason for the Court to revisit its earlier

2

judgment, the motion raises two new grounds for relief. Id. at 3-4. Petitioner alleges that counsel was ineffective for not objecting to, or seeking a directed verdict based on, the discrepancy between the indictment, which alleged possession of between two hundred and two thousand pounds of marijuana, and petitioner's conviction for possession of 199 pounds of marijuana. Id. Although neither claim was raised before, the original petition included a similar claim of ineffective assistance based on counsel's stipulation that 199 pounds of marijuana was delivered. (D.E. 11, at 8). This claim was denied because counsel had not stipulated as to petitioner's involvement in the transaction; petitioner could therefore show no harm or prejudice. Id.

### III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act "made it significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. This Court has no jurisdiction to consider claims in a habeas action that is "second or successive" unless authorized by the

Fifth Circuit.  28 U.S.C. § 2244 (b)(3)(A); see also Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) ("'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

When a Rule 60(b)(6) motion asks that a prisoner's conviction be set aside on constitutional grounds, courts in the Fifth Circuit may treat it as a successive petition pursuant to 28 U.S.C. § 2244(b).  Hess v. Cockrell, 281 F.3d 212, 214 (5th Cir. 2002) ("We have stated that Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'") (quoting Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1998)); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998) ("courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 petitions"); Chase v. Epps, 74 Fed. Appx. 339, 345 (5th Cir. Aug. 7, 2003) (per curiam) (unpublished) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive ... application.") (citations omitted); see also Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997) ("Appellate courts agree that a post-

judgment motion under Fed. R. Civ. P. 60(b) in the district court ... is a 'second or successive' application for purposes of § 2244(b).... Otherwise the statute would be ineffectual.") (citations omitted).  Petitioner has styled this motion as a "Motion to Reopen Case File No. C-95-395," (D.E. 13 at 1), but does not cite any legal authority pursuant to which the Court can grant such a motion.  Rule 60(b) of the Federal Rules of Civil Procedure, which gives district courts limited authority to reconsider final judgments, provides that

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  No other provision of the Federal Rules of Civil Procedure, or the Rules Governing § 2254 Cases would allow petitioner to file this motion more than ten years after judgment.  Furthermore, motions filed for the first three reasons must be filed within one year after the entry of judgment.  Id.; Chase, 74

Fed. Appx. at 345 ("As [the petitioner's] motion to amend his 28 U.S.C. § 2254 petition was not filed until considerably more than ten days after the district court had entered its final judgment, the motion was properly characterized as a [Rule] 60(b) motion.") (citation omitted); see also Rodwell v. Pepe, 183 F. Supp.2d 129, 132-33 (D. Mass. 2001) (construing "Motion to Re-Open Petition for Habeas Corpus" that did not cite legal authority as filed pursuant to Rule 60(b)(6)). Accordingly, it is respectfully recommended that the Court construe petitioner's motion as one filed pursuant to Rule 60(b)(6) and dismiss for lack of jurisdiction.

In the alternative, petitioner's motion is simply the functional equivalent of a successive petition because it does not actually argue that the Court should reconsider its earlier judgment; instead, it merely raises two additional grounds for relief. (D.E. 13, at 3-4); see also Williams v. Whitley, 994 F.2d 226, 230 n.2 (5th Cir. 1993) (noting that many circuits treated Rule 60(b) motions as "the functional equivalent of a second petition for habeas corpus.") (citations omitted); Spivey v. State Bd. Of Pardons & Paroles, 279 F.3d 1301, 1303 (11th Cir. 2002) (per curiam) (applying successive petition rule to prisoner's civil rights claim because it was the functional equivalent of a second habeas petition). Petitioner's new claims challenge the same conviction and sentence as the original petition. See Key, 205 F.3d at 774 ("Since [petitioner] had already filed one federal habeas petition, he

needed this court's permission before he could again challenge his conviction or sentence in the district court.").

A petition is "second or successive" if it raises a claim that was, or could have been raised in an earlier petition, or if it is otherwise an abuse of the writ. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)). "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same convictions unless an appellate panel first found that those challenges had some merit." Key, 205 F.3d at 774 (citing Cain, 137 F.3d at 235). When a petitioner fails to raise a claim in the original petition and then raises it in a later petition, that failure constitutes an abuse of the writ. Crone, 324 F.3d at 837. The factual basis for petitioner's new claims, (D.E. 13, at 3-4), was discussed in the original petition. (D.E. 11, at 8). The legal bases of the new claims are ineffective assistance of counsel and the doctrine of constructive amendment of indictments, both of which were available well before the original petition was filed in August 1995. (D.E. 13, at 5-7); see, e.g., United States v. Chandler, 858 F.2d 254, 256-57 (5th Cir. 1988) (constructive amendment); Thomas v. Lynaugh, 812 F.2d 225, 229 (5th Cir. 1987) (ineffective assistance of counsel). Accordingly, it is respectfully recommended that petitioner's motion is a successive habeas

petition which the Court lacks jurisdiction to consider.

This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit to determine whether petitioner should be allowed to file the successive motion in the district court. See 28 U.S.C. § 2244(b)(3)(A); see also Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002); In re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers); United States v. Fisher, 264 F. Supp.2d 468, 470 (N.D. Tex. 2003) (dismissing without prejudice motion to modify a § 2255 petition so petitioner could seek leave from the Fifth Circuit). Because petitioner's motion presents neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute,[2] it is respectfully recommended that petitioner's claims be dismissed without prejudice.

---

[2] Pursuant to the federal habeas statute, petitioner will have to demonstrate that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that petitioner's motion to re-open his habeas petition, (D.E. 13), be denied without prejudice.

Respectfully submitted this 19th day of October 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).